Steven A. Christensen #5190
CHRISTENSEN YOUNG & ASSOCIATES, PLLC
Attorneys for Plaintiff
9980 South 300 West, #200
Sandy, Utah 84070
Telephone: (866) 861-3333

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, STATE OF UTAH

| | |
|---|---|
| **Robert A. Stubbs**,<br><br>Plaintiff,<br><br>vs.<br><br>**EOS CCA**, a foreign entity, and QWEST Communications Company, LLC,<br><br>Defendants. | COMPLAINT<br><br>**Civil No.** 2:11-cv-00433-PMW<br><br>**Judge:** Paul M. Warner |

**COMES NOW** Robert A. Stubbs, by and through his attorneys, Christensen Young & Associates, PLLC, and by way of Complaint against the Defendants, hereby states, alleges and avers, as follows:

### JURISDICTION

1. Plaintiff alleges jurisdiction by this Court pursuant to the provisions of 28 U.S.C. § 1331 and by virtue or 15 U.S.C. § 1692k(d), along with and pursuant to 28 U.S.C. § 1367 for pendent state claims.

2. Defendant EOS CCA is a foreign corporation who contacted Plaintiff in Utah as a debt collector, and in so doing violated provisions of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") 15 U.S.C. § 1692, *et seq*., the Fair Credit Report Act (hereinafter FCRP) 15 U.S.C. § 1681, *et seq*., the Utah Consumer Credit Code (hereinafter "UCCC") Utah Code Annotated, 70C-1-101, *et seq*., and engaged in illegal efforts to collect consumer debt.

3. Plaintiff contends that Defendant QWEST is a foreign corporation which engages in electronic and telephonic communications and placed the alleged past due account with numerous debt collectors, and has had contact with Plaintiff in the State of Utah and subjected itself to the jurisdiction of this Court.

4. Venue is proper with this Court, in that Plaintiff resides in the State of Utah, and the Defendants contacted Plaintiff in the State of Utah, and engaged in business transactions, collection activities, correspondence via the United States Mail, and telephonic communications to Plaintiff.

5. Plaintiff is a resident of South Jordan, Salt Lake County, State of Utah and is a "consumer" as defined by 15 U.S.C. 1692a(3).[1]

6. Defendant EOS CCA is a foreign debt collection entity,[2] registered with the State of Utah, Division of Corporations and Commercial Code, and Qwest Communications Company, LLC is a foreign entity registered, and authorized, to conduct business in the State of Utah.

7. Defendant EOS CCA is allegedly attempting to collect a debt on behalf of QWEST as the creditor[3] of the alleged obligation.

## FACTUAL ALLEGATIONS

8. Plaintiff incorporates by reference paragraphs one through seven as if set forth in full particularity herein.

---

[1] .15 U.S.C. § 1692a(3) "The term "consumer" means any natural person obligated or allegedly obligated to pay any debt."

[2] 15. U.S.C. § 1692a(6) "The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."

[3] 15 U.S.C. 1692a(4) The term "creditor" means any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.

9. On or about March 25, 2011, Plaintiff received a written communication from Defendant EOS CCA alleging a debt owed to QWEST, primarily for personal, family, or household purposes, thereby subjecting such alleged debt to classification as a consumer debt as defined in 15 U.S.C. 1692a(5).[4]

10. QWEST, at sometime in 2009 allegedly consigned, transferred, or placed for collection the alleged debt for collection from Plaintiff with various credit collection companies, including, but not limited to, West Asset Management. (Exhibit A)

11. Plaintiff requested validation of the debt on or about May 1, 2009, and received no response from West Asset Management, nor from QWEST. (Exhibit B)

12. After more than one year and nine months after the initial debt collection activity, Defendant QWEST once again placed, transferred or consigned the alleged debt for collection to the co-defendant EOS CCA.

13. Plaintiff contends that Defendant EOS CCAC engaged in attempts to collect the alleged debt by contacting Plaintiff in written and telephonic communications in an attempt to collect the alleged debt as defined in the FDCPA.[5]

14. Plaintiff was contacted on or about March 25, 2011 by EOS CCA to collect the debt on behalf of QWEST. (Exhibit C)

15. Plaintiff, in a certified letter response, dated March 31, 2011 (Exhibit D), requested validation of the debt.

16. Similar to the prior collection activity, Plaintiff has received no response to his request under his right to dispute the debt, as provided for under federal laws, and has received no less than four (4) subsequent telephonic communications from Defendant EOS CCA attempting to collect the debt, after the receipt of the certified request for validation.

---

[4] 15 U.S.C. § 1692a(5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

[5] 15 U.S.C. 1692a(2) The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

17. Upon reviewing his credit report, Plaintiff has determined that without validating the debt, Defendant EOS CCA has placed derogatory statements on Plaintiffs' credit history. (Exhibit E)

18. The conduct of the Defendant credit collection agencies has not subsided or decreased, the Defendant credit collection agencies continue to intentionally harass Plaintiff in their efforts to collect the alleged QWEST debt by repeatedly engaging Plaintiff in telephonic and written communications in violation of numerous provisions of FDCPA, including, but not limited to, 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10, 1692f, amongst others.

19. Pursuant to disclosures made by West Asset Management on prior collection efforts, the alleged service date for which collection activity is being pursued, was from January 1, 2001, and thus beyond the statute of limitation on debt collection by QWEST.

20. Plaintiff, as a direct and proximate result of the illegal, negligent, harassing, and vexatious collection actions of Defendants, has sustained, suffered and incurred damages in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, and other negative emotions, as well as suffering unjustified abusive invasion of personal privacy at home, in the workplace, and in society.

## **FIRST CAUSE OF ACTION**

21. Plaintiff incorporates by reference paragraphs one through twenty as if set forth in full particularity herein.

22. Plaintiff alleges that the foregoing acts and omissions of Defendant EOS CCA constituted numerous and multiple violations of the FDCPA, including, but not limited to, each and every above-cited provisions of the FDCPA 15 U.S.C. 1692, *et seq*.

23. Plaintiff alleges that during April and May of 2011, Plaintiff has continued to receive harassing, annoying and embarrassing communications from Defendant EOS CCA with respect to collection of the alleged debt of QWEST.

24. Plaintiff alleges that he received no response to his communications to Defendant EOS CCA to cease and desist collection activities and validate the alleged debt.

25. Plaintiff alleges that as a result of each violation of the FDCPA, Plaintiff is entitled to actual damages for each violation, pursuant to 1692k(a)(1), and statutory damages up

to $1,000.00 per incident for each violation (1692k(a)(2)(A)), along wit reasonable attorneys' fees from each Defendant (1692k(a)(3)).

## SECOND CAUSE OF ACTION

26. Plaintiff incorporates by reference paragraphs one through twenty-five as if set forth in full particularity herein.

27. Plaintiff alleges that the actions of EOS CCA were intentional, wanton and without regard for the rights, feelings and entitlements of Plaintiff.

28. Plaintiff asserts that Defendant EOS CCA failed to verify the alleged debt, or the fact that the debt collection was barred by the statute of limitations, and said Defendant has refused to respond to the demands of Plaintiff to cease and desist collection activities.

29. Plaintiff contends that without validating or verifying the alleged QWEST debt, Defendant EOS CCA caused derogatory remarks to be placed on Plaintiffs' credit history by reporting the alleged debt to credit reporting agencies, which derogatory remarks are scheduled to remain on Plaintiffs' credit history until October 2015.

30. Plaintiff alleges that the failure of Defendants EOS CCA and QWEST to notify subsequent debt collectors that the alleged debt was invalid due to a statute of limitation issue, constitutes a violation of the Fair Debt Credit Act, 1692f FDCPA, and the Utah Fair Debt Collection Practices Act.

31. Plaintiff contends that through the operation of principles of law, assignment, contract, agency, and *respondeat superior* the acts of EOS CCA and QWEST are as one and the same.

32. Plaintiff states that in addition to violations of federal and state collection practices, QWEST has continued to pursue Plaintiff through numerous collection agencies, suggesting that unless payment was made the matter would be referred to local counsel for litigation to collect the debt.

33. Plaintiff contends that as a direct and proximate result of Defendants EOS CCA and QWESTs' violations of federal and state collection laws, and attempting to collect an alleged debt beyond the statute of limitations, that Plaintiff has been harmed, damaged, sustained anguish, embarrassment and anxiety, and Defendants actions constitute vexatious conduct and gross negligence for which punitive damages, monetary damages, attorneys' fees and costs are warranted, in a sum to be proven at trial.

## THIRD CAUSE OF ACTION

34. Plaintiff incorporates by reference paragraphs one through thirty-three, as if set forth with full particularity herein.

35. Plaintiff alleges that the actions of Defendants were intentionally, knowing and with full scienter of the true and accurate facts.

36. Plaintiff asserts that Defendants failure and refusal to respond to his requests to cease and desist collection activities on the alleged debt, which alleged debt is beyond the statute of limitations, constitute examples of their careless and cavalier disregard for the rights, feelings and legal obligations owed to Plaintiff.

37. Plaintiff contends that with intentional disregard for the collection laws, contract laws and statutes of limitation, with malice aforethought, demonstrate Defendants refusal to follow the law in pursuing collections.

38. Plaintiff alleges that continued collection activity by QWEST represents intentional misrepresentations, intentionally reporting incorrect facts to debt collectors and collection agencies, in violation of federal and state law.

39. Plaintiff alleges that Defendant QWEST's intentional misrepresentation of material facts, and intentionally reporting false or misleading information to credit reporting agencies constitute wanton, reckless behavior for which punitive damages are warranted.

40. Plaintiff contends that due to QWEST's intentional misrepresentation of material facts, and intentionally reporting false and misleading information to credit reporting agencies and debt collectors, Plaintiff has been harmed, damaged, sustained anguish, embarrassment, anxiety, and Defendant QWEST's actions constitute vexatious, wanton, reckless behavior for which punitive damages, in addition to statutory, and civil damages are warranted, in as sum to be proven at trial.

## FOURTH CAUSE OF ACTION

41. Plaintiff incorporates by reference paragraphs one through forty as if set forth in full particularity herein.

42. Plaintiff alleges that the actions of Defendants intentionally interfered, physically, or otherwise with the solitude, seclusion or private concerns or affairs of Plaintiff.

43. Defendants intentionally, or through omission, caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting this debt, and thereby invading and intruding upon Plaintiff's right to privacy.

44. Plaintiff had a reasonable expectation to his privacy, solitude, and seclusion, and or private concerns or affairs.

45. Plaintiff contends the intrusions and invasions of his privacy occurred in a way that would be highly offensive to a reasonable person in a similar position.

46. Plaintiff alleges that as a direct and proximate result of the invasion of privacy Plaintiff is entitled to actual damages against each and every Defendant in a sum to be proven at the time of trial.

WHEREFORE, Plaintiff prays that judgment be entered jointly and severally against Defendants in a sum to be proven at trial for actual damages resulting from violations of 15 U.S.C. § 1692k(a)(1) against each Defendant for each violation; an award of statutory damages of $1,000 per incident, per Defendant, resulting from violations of 15 U.S.C. § 1692k(a)(2)(A), against each every Defendant; an award of costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) against each Defendant; removal of derogatory comments on Plaintiffs' credit history; damages to be determined at trial against Defendants EOS CCA and QWEST for misrepresentation, in a sum to be determined at trial, along with costs, and attorneys' fees; damages to be determined at trial against Defendants for intentional misrepresentation, reporting false or misleading information, and punitive damages; and damages against EOS CCA and QWEST for invasion of privacy, intentional and/or negligent infliction of emotional distress, costs, expert witness fees, attorneys fees, prejudgment interest, and such other and further relief as this court deems just and proper.

DATED this 11th day of May, 2011

_____/s/_____

Steven A. Christensen

Plaintiffs' address:
3014 Chesapeake Cir
South Jordan, UT 84095